# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### Civil Action No.

BRADLEY WAYLAND, Jr. and
QUIET LIGHT BROKERAGE, INC.,

          Petitioners

 vs.

STUDYGATE, LLC,

          Respondent.

**VERIFIED PETITION TO COMPEL ARBITRATION**

Petitioners Bradley Wayland Jr. and Quiet Light Brokerage, Inc., by and through their counsel, Farrell Smith O'Connell Aarsheim Aprans LLP, for their Verified Petition to Compel Arbitration against StudyGate, LLC, allege, upon knowledge as to their own actions, and otherwise upon information and belief, as follows:

## INTRODUCTION

1.	This is a petition to compel arbitration against StudyGate, LLC, who brought a claim in the United States District Court for the Central District of California for negligent misrepresentation against Petitioners despite having a binding arbitration agreement.

2.	Petitioners seek an order from this Court under the Federal Arbitration Act (9 U.S.C. § 4) compelling StudyGate, LLC to arbitrate its claims against Petitioners.

## PARTIES

3.	Petitioner, Bradley Wayland Jr. ("Wayland"), is an individual who resides in Bowling Green, Kentucky. Wayland is, and was at all relevant times herein, an independent contractor to petitioner Quiet Light Brokerage, Inc. ("Quiet Light").

4. Petitioner, Quiet Light, is a North Carolina corporation with a principal place of business in Eagan, Minnesota. Quiet Light brokers transactions involving businesses who are soliciting offers for the sale of all or substantially all of their assets. Quiet Light does not broker securities.

5. StudyGate, LLC ("Respondent"), is a Wyoming limited liability company. Its sole member is a citizen of Florida.

## RELATED PARTIES

6. TMJ Trade Co. LLC ("TMJ") was a Wyoming limited liability company.

7. Upon information and belief, TMJ was administratively dissolved for failure to pay annual license taxes on or about February 8, 2021.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), since this is a civil action between citizens of Kentucky, North Carolina, and Minnesota and a citizen of Florida, and thus are entirely diverse, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. This Court has personal jurisdiction over Respondent since it has purposefully established necessary minimum contacts with North Carolina by agreeing to arbitrate its disputes with Wayland and Quiet Light (collectively "Petitioners") before the American Arbitration Association in Charlotte, North Carolina. Further, by agreeing to arbitrate its disputes against Petitioners in North Carolina, Respondent has consented to this Court's personal jurisdiction for purposes of enforcement of that arbitration agreement.

10. Venue is proper in this judicial district because, pursuant to 9 U.S.C. § 4, a party may bring a petition to compel arbitration in the district where the parties agreed to arbitrate any

disputes between them. As alleged herein, the parties exclusively agreed to bring any dispute before the American Arbitration Association in Charlotte, North Carolina, which is within the Western District of North Carolina.

## FACTS

11. In late 2023 and early 2024, Quiet Light solicited TMJ regarding the potential purchase of the studygate.com business from its seller ("Seller").

12. Quiet Light introduced TMJ to the Seller's principal, and once a deal was reached, Quiet Light served as the broker and transaction coordinator for the sale.

13. As a part of its dealings with Quiet Light, TMJ signed a confidentiality agreement ("NDA") containing a clause in which TMJ agreed to arbitrate any disputes before the American Arbitration Association in Charlotte, North Carolina. Attached hereto as **Exhibit A** is a true and correct copy of that Agreement.

14. It is Quiet Light's practice that prior to doing business any potential clients sign the same or a similar Agreement containing this arbitration clause.

15. This Agreement was signed on behalf of TMJ by "Jake Taylor, President", also known as Jacob Taylor.

16. Upon information and belief, Jacob Taylor is and was the Principal Officer of TMJ and StudyGate, LLC.

17. During this period, Jacob Taylor and/or TMJ formed StudyGate, LLC for the purpose of acquiring studygate.com.

18. Quiet Light and Wayland understood, and upon information and belief Jacob Taylor and TMJ did as well, that the StudyGate, LLC entity would assume TMJ's rights and obligations under the NDA.

19. Attached hereto as **Exhibit B** are true and correct copies of text messages between Jacob Taylor and Wayland establishing this understanding.

20. On or before February 19, 2024, Respondent and Seller executed a Letter of Intent for the sale of studygate.com.

21. On or about March 8, 2024, Respondent and Seller entered into an Asset Purchase Agreement for $675,000.

22. On or before March 13, 2024, Respondent transferred $675,000 to the escrow agent, and on March 14, 2024, Wayland confirmed receipt of the full amount.

23. Respondent has asserted a negligent misrepresentation claim against Petitioners arising from the brokered sale.

24. Specifically, Respondent alleges that Quiet Light and Wayland prepared and transmitted materials and information during the due diligence process that misrepresented the studygate.com business.

25. At present, Respondent is prosecuting this suit in the United States District Court for the Central District of California (the "California Litigation"), under the case number 2:25-cv-10874-SK.

26. A true and correct copy of the Complaint in the California Litigation is attached hereto as **Exhibit C**.

27. Petitioners restate and reallege the foregoing paragraphs as if fully set forth herein.

28. There is a dispute between the parties given that Respondent has alleged that Petitioners misrepresented aspects of studgate.com. (Ex. C at ¶107–120.)

29. Respondent brought these claims, and they continue to pend, in the United States District Court for the Central District of California.

30.     At the same time, StudyGate, LLC has assumed TMJ's obligations under the NDA, either through the representations of Jacob Taylor in his capacity as principal of both entities, or otherwise.

31.     The NDA is a valid and enforceable contract, supported by mutual consideration, and is binding upon StudyGate, LLC.

32.     Among the obligations imposed by the NDA is the obligation to arbitrate any disputes arising between the parties before the American Arbitration Association in North Carolina. (Ex. A § 15.)

33.     The transaction was an act of interstate commerce because Quiet Light (a company incorporated in North Carolina and with its principal place of business in Minnesota) brokered a deal between Seller (a company incorporated in California with its principal place of business in California) and StudyGate, LLC (a company incorporated in Wyoming with its principal place of business in Wyoming) for the sale of business assets.

34.     Respondent has failed to properly bring this dispute in arbitration, as required by the NDA. (*Id.*)

35.     Respondent's claims arise out of the NDA as it is the lone contract governing the relationship between Respondent and Petitioners.

36.     By reason of the foregoing, the court should issue an order compelling arbitration of the dispute between the parties in accordance with the terms of the agreement between the parties.

WHEREFORE, Petitioners prays that this Court:

A.     Issue an order compelling Respondent StudyGate, LLC to arbitrate all disputes against Quiet Light and Wayland pursuant to 9 U.S.C. § 4, enforcing the arbitration agreement

entered by the parties;

      B.     For such other and further legal and equitable relief as the Court deems just and proper.

      This 25th day of March, 2026.

<div style="margin-left: 40%;">

FARRELL SMITH O'CONNELL
AARSHEIM APRANS LLP

 /s/ Jason R. Harrise
Jason R. Harris
N.C. State Bar No. 27876
Physical: 321 North Front Street, Suite 104
Wilmington, North Carolina 28401
Mailing: 27 Congress St., Suite 508
Salem, MA 01970
(910) 836-1755
(978) 666-0383 Fax
Email: jharris@fsofirm.com
*Attorney for Petitioners*

</div>

Docusign Envelope ID: 7E683002-D960-40C1-B9FA-E7D1FAABE620

## <u>VERIFICATION</u>

Pursuant to 28 U.S.C. 1746, Mark Daoust declares as follows:

1. I am the Chief Executive Officer of Petitioner Quiet Light Inc. and have been so affiliated at all times referred to in the foregoing Verified Petition to Compel Arbitration.

2. I have read the foregoing Verified Petition to Compel Arbitration and know the contents thereof.

3. I verify that I believe the allegations contained therein to be true to my own knowledge, except as to matters stated to be upon information and belief, and as to those matters believe them to be true.

4. The grounds for my belief are based upon my personal knowledge gained during the course of my duties as Chief Executive Officer and my review of and familiarity with correspondence and other relevant documents, including the exhibits to the foregoing Verified Petition to Compel Arbitration.

5. I am authorized to make this verification on behalf of Petitioner.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 25, 2026 in Eagan, Minnesota.

Signed by:

Mark Daoust

A7934EEC14B5457...

Mark Daoust